## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RAHEEL MALIK, | : | |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | No. 2:10-cv-06371 (WHW) |
| | : | |
| COOPER TIRE AND RUBBER CO. | : | |
| and ABC CORPS. 1-10, | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |

**Walls, Senior District Judge**

Plaintiff Raheel Malik alleges that Defendant Cooper Tire designed and/or manufactured a defective tire, which blew out on an Illinois highway, causing an accident that left Plaintiff a paraplegic. Plaintiff now moves for partial summary judgment to prevent Defendant from raising the "seatbelt defense" at trial, that Plaintiff's failure to wear an available safety belt at the time of the crash should limit his recovery.

Plaintiff argues that this Court should apply Illinois law, which Plaintiff contends would exclude evidence of his nonuse of the belt. Plaintiff also asks the Court to bar Defendant's experts from testifying that Plaintiff's injuries would have been less severe had he worn the belt. Plaintiff does not dispute that New Jersey law would permit this evidence. Defendant counters that New Jersey law should apply because New Jersey has the more significant interest in the litigation, as Plaintiff's domicile is in New Jersey, Plaintiff brought the suit in a New Jersey court under New Jersey law, and Illinois has no contacts with the litigation apart from being the situs of the accident. Defendant further asserts that Plaintiff has waived the right to have Illinois law

1

apply by failing to mention it in his pleadings and raising it only at this stage, after Defendant

has hired experts to evaluate the effect of seatbelt nonuse on Plaintiff's injuries.

Plaintiff's motion, decided without oral argument under Fed. R. Civ. P. 78, is denied.

Finding New Jersey to have the more significant interest in the litigation, the Court declines to

apply Illinois's bar on seatbelt evidence. The Court need not reach Defendant's waiver argument.

## Factual and Procedural Background

On August 25, 2009, Plaintiff was a backseat passenger in a car traveling along Interstate

64 in the state of Illinois, heading for New Jersey. Pl.'s SMF ¶¶ 6-7. There was a safety belt

available where he was seated. Pl.'s Resp. to Def.'s SMF ¶ 13. Plaintiff was not wearing it. Pl.'s

SMF ¶ 23. At the time, the Illinois vehicular code did not require backseat passengers to use their

safety belts. Ill. Vehicle Code 625 ILCS 5/12-603.12(a) (2010). At around 6:14pm, the tread on

the left rear tire delaminated. Pl.'s SMF ¶¶ 6, 27; Def.'s SMF ¶ 6. The car veered off the

highway and rolled over. Def.'s SMF ¶ 11. Plaintiff was ejected and seriously injured. Pl.'s SMF

¶ 11. No other vehicle was involved in the crash. *Id.* ¶ 6.

At the time of the accident, Plaintiff had completed four semesters of medical school in

the Caribbean and had spent the past semester studying medicine in Illinois. Pl.'s Ex. C 53.

Plaintiff had planned to take a medical licensing exam and move to wherever he was matched for

medical rotations, but had not yet taken the exam or matched at the time of the accident. *Id.* 59-

62. On this particular trip, Plaintiff was "coming back home to New Jersey," *id.* 51:18-25, where

his parents owned a home. Pl.'s Interrog. Resp. 2.

Defendant Cooper Tire is a Delaware corporation. Compl. ¶ 2, Answer ¶ 2. Plaintiff

alleges that Defendant "is in the business of manufacturing, designing, testing, formulating,

selling, marketing, advertising and/or distributing tires in New Jersey and other states around the

country," Compl. ¶ 2, though Defendant disputes the wording. Answer ¶ 2. Defendant

manufactured the tire in question in Mississippi. Pl.'s SMF ¶ 25. Although the driver did not

know exactly which store sold him the tires, he testified that he bought them in Virginia. Pl.'s

SMF ¶ 28, Def.'s Ex. P 25:22-26:02.

Plaintiff currently resides in New Jersey, Pl.'s Interrog. Resp. 2, and filed this action

against Defendant in New Jersey Superior Court, asserting claims under New Jersey statutes

governing strict liability in tort and punitive damages, as well as common-law breach of express

warranty.[1] Compl. 3-5. Defendant removed the action to this Court based on diversity

jurisdiction. ECF No. 1. Nowhere in Plaintiff's complaint does he allege that Illinois law should

apply. Plaintiff did, however, send a letter to the Court arguing that seatbelt evidence should be

barred from trial under applicable Illinois law, Pl.'s Letter of Feb. 7, 2012 2, ECF No. 26, in

response to a Magistrate Judge's order that each party summarize its factual and legal positions.

Order of Oct. 28, 2011, ECF No. 20.

Plaintiff now moves for partial summary judgment to prevent Defendant from raising

Plaintiff's seatbelt nonuse at trial. He cites several Illinois cases that barred a defendant from

introducing this evidence to prove comparative negligence, to contest the extent of a plaintiff's

damages, or even to impeach a witness. Pl.'s Br. 9-12, ECF No. 57. Plaintiff argues that Illinois

law should apply because "the nexus of the parties' relationship is clearly in Illinois, where

[Plaintiff] lived, where he encountered [Defendant's] tire, where the defective tire failed, and

where [Plaintiff] suffered catastrophic injuries." Pl.'s Reply Br. 13, ECF No. 64.

---

[1] The parties do not mention the punitive damages or breach of express warranty claims, and
neither argues that the law of any other jurisdiction besides Illinois or New Jersey should apply
in the case. "The parties having failed to plead the law of any other jurisdiction, it is not
incumbent on this Court to do so." *Henry v. Richardson-Merrell, Inc.*, 508 F.2d 28, 35 n.14 (3d
Cir. 1975).

Defendant responds that "[t]here is no credible argument Illinois intended this law to apply extraterritorially to a New Jersey suit brought by a New Jersey citizen against a non-Illinois defendant simply because an accident happened during the Illinois leg of a multi-state trip that was destined for New Jersey." Def.'s Opp'n 4, ECF No. 61. Defendant classifies the place of the accident as "fortuitous," believing that New Jersey's relationship to the occurrence and the parties is more significant because the seatbelt defense "is expressly an issue of damages arising from New Jersey's strong interest in applying its comparative fault rules in cases involving New Jersey citizens and in having a jury consider all relevant factors in arriving at an appropriate damages awards [sic]." *Id.* Defendant sees no actual conflict in the laws of Illinois and New Jersey, *id.* 7-11, and asserts that, in any case, Plaintiff waived the application of Illinois law by not pleading it in his complaint. *Id.* 5.

## Discussion

### I.      Standard on Summary Judgment

Summary judgment as to a claim or defense is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). As to the seatbelt defense at issue, the parties do not dispute the material facts, merely the relevant law.

### II.      Standard as to Choice of Law

A federal court with diversity jurisdiction must apply the choice of law principles of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941). In New Jersey, the relevant test is the "most significant relationship" test of the Restatement (Second) of

Conflict of Laws, which has two steps: first, checking for an "actual conflict," and second, determining which state has the "most significant relationship" to the litigation. *P.V. v. Camp Jaycee*, 197 N.J. 132, 142-44 (2008). There is a presumption that the law of the situs state applies, which can be overcome "when another state has more significant interest and the policies of the situs state will not be frustrated by the application of foreign law." *Lebegern v. Forman*, 471 F.3d 424, 428 (3d Cir. 2006).

In the first step, the court decides if an actual conflict exists because "the choice of one forum's law over the other will determine the outcome of the case." 15A C.J.S. Conflict of Laws § 30 (2013). If there is no conflict or only a "false conflict," where "the laws of the two jurisdictions would produce the same result on the particular issue presented," the substantive law of the forum state applies. *Id.* § 31; *Williams v. Stone*, 109 F.3d 890, 893 (3d Cir. 1997).

If there is an actual conflict, the Court proceeds to the second step and must determine which jurisdiction has the "most significant relationship to the claim." *Camp Jaycee*, 197 N.J. at 143; *see Maniscalco v. Brother Int'l Corp.*, 709 F.3d 202, 206 (3d Cir. 2013). This analysis relies on factors outlined in the Restatement (Second) of Conflict of Laws and varies depending on the nature of the claim, though always with an eye to the general principles of Restatement § 6, the "cornerstone" of the Restatement. *Camp Jaycee*, 197 N.J. at 140 (quoting Eugene F. Scoles et al., Conflict of Laws § 2.14 (4th Ed. 2004)). Section 6 of the Restatement lists the following considerations:

> (a) the needs of the interstate and international systems,
> (b) the relevant policies of the forum,
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
> (d) the protection of justified expectations,
> (e) the basic policies underlying the particular field of law,
> (f) certainty, predictability and uniformity of result, and
> (g) ease in the determination and application of the law to be applied.

Restatement (Second) of Conflict of Laws § 6(2) (1971).

Courts analyze tort claims under § 145 of the Restatement. *See David B. Lilly Co., Inc. v. Fisher*, 18 F.3d 1112, 1117 (3d Cir. 1994). Section 145 provides that

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>
>> (a) the place where the injury occurred,
>> (b) the place where the conduct causing the injury occurred,
>> (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
>> (d) the place where the relationship, if any, between the parties is centered.
>
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

*Id.* § 145.

## III.    The Seatbelt Defense is a Matter of Substantive Law

Because a federal court sitting in diversity applies federal procedural law and state substantive law, *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78-80 (1938), the Court must first determine whether the seatbelt defense is substantive. A rule is substantive when "it significantly affect[s] the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court." *Gasperini v. Center for Humanities, Inc*., 518 U.S. 415, 427 (1996) (citing *Guaranty Trust Co.* v. *York,* 326 U.S. 99 (1945)). "[W]here a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be

if tried in a State court." *Id.* The application of this outcome-determination test must be guided

by "the twin aims of the *Erie* rule: discouragement of forum shopping and avoidance of

inequitable administration of the laws." *Gasperini*, 518 U.S. at 428 (citing *Hanna* v. *Plumer,* 380

U.S. 460, 468 (1965)).

Although the New Jersey Supreme Court did not use the words "substantive law" when it

discussed the seatbelt defense in *Waterson v. Gen. Motors Corp.*, 111 N.J. 238 (1988), the court

clearly considered the defense to be substantive. In *Waterson*, the court held that the seatbelt

defense contributed to a determination of the outcome of the litigation as to both "damages and

fault"; the factfinder must determine "the amount of plaintiff's damages that would have been

avoided if the seat belt had been worn; and second, the proportionate fault attributable to

plaintiff's failure to wear the seat belt in relation to all other fault that caused the accident." 111

N.J. at 275.[2]

## IV.   Determinations as to Domicile and Situs

Before undertaking the choice of law analysis, the Court must resolve two preliminary

issues: Plaintiff's domicile, and whether the situs of the accident was fortuitous.

### A.  Plaintiff's Domicile is New Jersey

---

[2] At least one New Jersey trial court treated the defense as a matter of substantive law when it held that "Pennsylvania substantive law applies as to [the seatbelt defense]," as opposed to the substantive law of New Jersey. *Bary v. Mack Trucks, Inc.*, 261 N.J. Super. 35, 37-38 (Ch. Div. 1992). And although it was interpreting Pennsylvania law, the Third Circuit agreed that the same seatbelt defense at issue was a matter of substantive law in *Dillinger v. Caterpillar*, 959 F.2d 430, 434 n.11 (3d Cir. 1992) (holding that "the defense is substantive as it is intended to have legal consequences in itself and is not merely a matter of evidence of some other fact.").

Plaintiff disputes Defendant's conclusion that Plaintiff was domiciled in New Jersey, but offers no alternative.

A person is domiciled in the place where he last lived and intended to remain. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). "One acquires a 'domicile of origin' at birth, and that domicile continues until a new one (a 'domicile of choice') is acquired." *Id.* "Mere absence from a fixed home, however long continued, cannot work the change [of domicile]." *Sun Printing & Publ'g Ass'n v. Edwards*, 194 U.S. 377, 383 (1904). An individual can take up residence in a new location and live there for years without changing domicile, so long as the individual forms no intention to stay indefinitely. *See Curley v. Mosier*, Civil No. 09-2066 (D.N.J. 2010), citing *Murphy v. Newport Waterfront Landing, Inc.*, 806 F. Supp. 322, 324 (D.R.I. 1992) (finding that a student who had attended law school in Nebraska for two years was still domiciled in Massachusetts).

In *Krasnov v. Dinan*, 465 F.2d 1298 (3d Cir. 1972), the Third Circuit Court of Appeals listed criteria for evaluating a person's intent to remain in a particular place: declarations, exercise of political rights, payment of personal taxes, house of residence, and places of business. *Id.* at 1301. Additional factors include location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration. *McCann v. George W. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006).

The record does not contain evidence of Plaintiff's voter registration, bank accounts or licenses, but it does contain sufficient testimonial evidence to determine Plaintiff's domicile. In interrogatory responses, Plaintiff listed three current and former addresses, all in New Jersey. Pl.'s Interrog. Resp. 2. He stated that his parents had the same addresses. *Id.* Plaintiff testified at

his deposition that, on the day of the accident, "[w]e were coming back home to New Jersey," and when counsel tried to clarify, "[w]hen you say coming back home to New Jersey –", he replied, "[w]ell, I was coming back home to New Jersey." Pl.'s Ex. C 51:18-25. There is no indication in the record that he intended to remain permanently in any other state. His presence on the Caribbean island where he attended medical school was conditioned upon his having a ticket back home to the United States. Pl.'s Ex. C 56-57. He anticipated going to a residency program which would be determined in part by his score on a test he had not yet taken, and thus had not yet formed the intent to move to any particular place. *Id.* 60. He did not move from New Jersey following the accident and kept his residence in New Jersey when he filed this lawsuit. Compl. ¶ 1, Pl.'s Interrog. Resp. 2. Plaintiff was and continues to be domiciled in New Jersey.

### B.  Illinois Is the Situs of the Accident, and the Situs Is Not Fortuitous

"In personal injury cases, the New Jersey Supreme Court has counseled that the place where the injury occurred is a contact that, as to most issues, plays an important role in the selection of the state of the applicable law." *Warriner v. Stanton*, 475 F.3d 497, 503 (3d Cir. 2007), citing *Fu v. Fu,* 733 A.2d 1133, 1142 (N.J. 1999) (quoting *Restatement,* § 145 cmt. e). "[T]he place of injury takes on special significance where . . . the place where the injury occurred was not fortuitous . . . ." *Lebegern*, 471 F.3d at 432.

The place of injury is fortuitous when "it bears little relation to the occurrence and the parties with respect to the particular issue." *Camp Jaycee,* 962 A.2d at 463 (quoting § 145 comment e). "The place of an accident, however, may be considered fortuitous only when the driver did not intend or could not reasonably have anticipated being in that jurisdiction at the time of the accident." *Fu*, 733 A. 2d at 1149; *see also Blakesley v. Wolford,* 789 F.2d 236, 239

(3d Cir. 1986) ("When a party voluntarily and intentionally travels to another state, the location of an injury incurred there is not fortuitous.").

Plaintiff had been living in Illinois for a semester of school; he had chosen to be there, and had been there on a regular basis for some months. He stepped into the vehicle in Illinois, rode atop the tire in Illinois, and remained on Illinois's roadways until he was ejected onto its soil. His contacts with the situs of the accident were too significant for his presence on an Illinois highway to be considered fortuitous. The location was not fortuitous simply because the tire could have blown out somewhere else. *See Yocham v. Novartis Pharmaceuticals Corp.,* 736 F. Supp. 2d 875, 882 (D.N.J. 2010) ("in order to be fortuitous, it must not only be the case that the conduct did not determine the location of the injury—which is true in the great majority of strict liability cases—but also that the intentions and decisions of the parties also did not determine it with respect to this particular plaintiff.") (citing *Calhoun v. Yamaha Motor Corp., U.S.A.,* 216 F.3d 338, 347 (3d Cir. 2000)).[3] Plaintiff intended to be in Illinois and to travel on Illinois land. Illinois was not a fortuitous location.

# V.   Choice of Law Analysis Favors Applying New Jersey Law

### A.  The Laws of New Jersey and Illinois Conflict

---

[3] In *Calhoun*, finding the situs to be non-fortuitous, the Third Circuit distinguished an earlier case, *Scott v. Eastern Air Lines, Inc*., 399 F.2d 14 (3d Cir. 1967), in which the location of a plane crash in the territorial waters of Massachusetts was called fortuitous even though plaintiff had boarded the plane at a Massachusetts airport. The question in *Scott* was whether admiralty law applied, as opposed to state law, and the court characterized the situs of the accident as fortuitous because neither party had intended to be in navigable water. The same principle applies in that holding as in *Calhoun* and here: Plaintiff's intent made the situs non-fortuitous.

The first step in a choice of law analysis is to determine whether there is an actual conflict between the laws of Illinois and New Jersey on the admissibility of seatbelt nonuse evidence. In New Jersey, "[i]f a jury finds a plaintiff negligent for failure to wear a seat belt, plaintiff's recovery for injuries that could have been avoided by seat-belt use may be reduced by an amount reflecting plaintiff's comparative fault in not wearing a seat belt." *Waterson*, 111 N.J. at 264. In Illinois, "seat belt evidence should not be admitted with respect to either the question of liability or damages." *DePaepe, v. Gen. Motors Corp.*, 33 F.3d 737, 746 (7th Cir. 1994) (citing *Clarkson v. Wright,* 108 Ill.2d 129, 133-34 (1985)); *see also* Ill. Vehicle Code 625 ILCS 5/12-603.1(c).

Disputing any actual conflict, Defendant reads Illinois Vehicle Code § 603.1(c) as allowing the introduction of this evidence. The statute (as it was at the time of the accident) requires those riding in the front seat of a vehicle to wear a safety belt, and prohibits the introduction of evidence of seatbelt non-use "in violation of this Section." *Id.* According to Defendant, the words, "in violation of this Section," make the statute inapplicable to a backseat passenger plaintiff who was under no duty to wear the belt. Def.'s Br. 7-8.

Notwithstanding Defendant's interpretation, the statute is irrelevant to this case. The Illinois Supreme Court's landmark decision to bar seatbelt evidence in *Clarkson* was not based on statutory interpretation but on common law reasoning that the unbelted plaintiff was under no duty to anticipate the defendant's negligence. 108 Ill. 2d at 133. The court noted that § 603.1(c) was consistent with the holding. *Id.* at 134. The 2011 revision of Illinois's statute to require backseat passengers to wear a seatbelt does not change the analysis, as the relevant section barring the admissibility of evidence did not change, and the Illinois Supreme Court has not reversed its position. 625 ILCS 5/12-603.1(c); *see DePaepe*, 33 F.3d at 745 (allowing the judge's

11

instruction that the jury could not consider whether plaintiff's nonuse of a seat belt caused

plaintiff's injuries, because the law at the time of the accident did not require seatbelt use).

### B.  New Jersey Has the Stronger Interest in the Litigation

As the laws of Illinois and New Jersey are in conflict, the next question is which state has

the more significant relationship to the litigation. The § 145 factors, as applied, are

   (a) the place where the injury occurred - *Illinois*

   (b) the place where the conduct causing the injury occurred – *Mississippi (where the tire*

   *was manufactured—the record does not indicate where it was designed)*

   (c) the domicile, residence, nationality, place of incorporation and place of business of

   the parties – *New Jersey (Plaintiff), Delaware (Defendant)*[4]

   (d) the place where the relationship, if any, between the parties is centered – *The parties*

   *have no relationship except for Plaintiff's use of Defendant's tire in Illinois and*

   *Plaintiff's lawsuit against Defendant in New Jersey*


Illinois was the place where the tire delaminated and where Plaintiff was injured. New

Jersey was the state of Plaintiff's domicile. As the crash happened in Illinois, there is a

presumption that Illinois law applies. *Lebegern*, 471 F.3d at 428. This presumption may be

overcome; "[e]valuating the competing interests of the states is the most important aspect of the

analysis used in determining the jurisdiction with the most significant relationship." *Id.* at 431.

After identifying the governmental policies underlying each state's statutes, a court must

---

[4] Defendant's counsel states that Defendant has a principal place of business in Ohio, Opp'n 15-16, but presents no admissible evidence in support.

determine "how those policies are affected by each state's contacts to the litigation and to the parties." *See Warriner*, 475 F.3d at 502. If a state's contacts are not related to the policies underlying its law, the state has no interest in having its law apply. *Id.*

The policy underlying Illinois's statute is the protection of the recovery rights of those who seek compensation in its courts, particularly its own domiciliaries. *See In re Air Crash Disaster Near Chicago, Illinois on May 25, 1979,* 644 F.2d 594, 613 (7th Cir. 1981) ("[t]he legitimate interests of these states . . . are limited to ensuring that the plaintiffs are adequately compensated for their injuries . . . . Those interests are fully served by applying the law of the plaintiffs' domiciles as to issues involving the measure of compensatory damages . . . ."); *see also Johnson v. Ford Motor Co.*, 2003 WL 22317425 *5 (N.D. Ill. 2003) (in a choice of law analysis involving the seatbelt defense, holding that "[l]aws that apportion fault most directly affect the state where the parties are domiciled."). Plaintiff maintains that "the specific issue at hand -- whether Malik was required to wear a seatbelt at the time of the accident -- is governed by Illinois traffic law." Pl.'s Reply 12-13. This is not the issue at hand. The question is not whether Plaintiff should receive a traffic citation, but how much he could recover.

As far as Illinois is concerned, this is a dispute in another state's court, between other states' domiciliaries, alleging violations of another state's law. Neither the process nor the end result will affect an Illinois citizen or governmental entity. The alleged defect was inherent in the tire, and could have manifested itself at any time on the road from Illinois to New Jersey. No party suggests that any design or condition of the roadway itself contributed to the accident— quite the contrary, as the parties agree that the road was straight, level, well-lit and free of debris or obstruction, and the vehicle traveled in good weather. Pl.'s SMF §17-22. The tortious conduct that Plaintiff alleges is the defective design and/or manufacturing of the tire, neither of which

happened in Illinois. Plaintiff does not plead violations of Illinois law. Although the situs of this accident was not fortuitous, it was nonetheless incidental: the suit does not arise out of any legal, physical or policy attribute of Illinois. Plaintiff's compliance with Illinois traffic law does not give Illinois the dominant governmental interest in determining his compensation rights.

New Jersey's interest in the litigation is much stronger. Plaintiff is a New Jersey domiciliary who brought the case in New Jersey state court, alleging violations of New Jersey statutes. New Jersey's contacts to the litigation are directly related to the policies underlying its law on seatbelt use, as the policy involves both the safety and the recovery rights of its citizens. As the New Jersey Supreme Court explained, "New Jersey has a very significant public policy promoting the use of seat belts which would militate toward admitting evidence that [a plaintiff] was not wearing a seat belt on the issue of the extent or severity of injuries, even though he had no statutory duty to wear the belt at the time of the accident." *Waterson v. General Motors Corp.,* 111 N.J. 238, 270 (1988). If New Jersey's legislature had found a stronger governmental interest in boosting plaintiffs' compensation, it could have adopted the same rule as Illinois. Instead, it reinforced *Waterson* by imposing a statutory requirement to wear a seatbelt. N.J.S.A. 39:3-76.2f. The judicial rationale and authorization of the seatbelt defense in litigation were not disturbed.

It is true that "New Jersey has a clearly recognized governmental interest in the compensation of its domiciliaries." *Pine v. Eli Lilly & Co.*, 201 N.J. Super. 186, 188 (App. Div. 1985). A case advanced by Plaintiff, *Bary v. Mack Trucks, Inc.*, 261 N.J. Super. 35, 42 (Ch. Div. 1992), suggests that New Jersey's interest lies in securing the highest possible award for its

domiciliary.[5] The Court does not agree in these circumstances, because New Jersey's policy interest in advancing safety in vehicular use by its domiciliaries is greater. *Waterson* and N.J.S.A. 39:3-76.2f so demonstrate.

As example: Let us suppose that M, a New Jersey domiciliary, was a passenger in a car involved in a road accident with another car in New Jersey. M sustains injuries. M sues the drivers of the cars for the drivers' alleged negligence in causing his injuries in a New Jersey trial court. In doing so, he will be subject to the discussed New Jersey policy which makes available to the defendants, if the defendants allege, the defense of nonuse of a seatbelt by M.

Now imagine that G, another New Jersey domiciliary, is a passenger in a car involved in a road accident in Illinois. G sustains injuries. G sues the driver and others in negligence and products liability for his damages.[6] The suit is brought in a New Jersey trial court alleging violation of New Jersey laws. Illinois law does not permit the defense of seatbelt nonuse. The defendants raise the defense of nonuse of a seatbelt by G. Can Illinois law be deemed reasonably to trump the full application of New Jersey law to all its domiciliaries if they, the domiciliaries, seek resolution of their claims by New Jersey law in a New Jersey court? The answer is no. Why should one domiciliary be treated differently from another in these circumstances.

## Conclusion

---

[5] Plaintiff also advances another case from the early 1990s with a different result: *Marks v. Abrams*, CIV. A. 93-5175, 1994 WL 144358 (E.D. Pa. Apr. 19, 1994). The analysis here differs from that of *Marks,* where the court found that there was no actual conflict between the laws of New Jersey and Pennsylvania regarding seatbelt evidence. In this Court's view, the *Marks* analysis did not fully account for New Jersey's interest in promoting seatbelt use, described in *Waterson*.

[6] Whether the cause of action sounds in negligence or products liability is irrelevant to this analysis.

Plaintiff's motion is denied.

IT IS SO ORDERED:

November 17, 2014

William H. Walls, U.S.D.J.

United States Senior District Judge