NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RAHEEL MALIK, | : | |
| Plaintiff, | : | **MEMORANDUM OPINION AND ORDER** |
| v. | : | |
| COOPER TIRE AND RUBBER CO. and ABC CORPS. 1-10, | : | No. 2:10-cv-06371 (WHW-CLW) |
| Defendants. | : | |

**Walls, Senior District Judge**

In this products liability case involving an allegedly defective tire, each party moves to preclude the other's tire expert under *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 592 (1993). Neither party has requested a *Daubert* hearing. The decision as to whether to hold a *Daubert* hearing rests with the sound discretion of the district court. *See Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 152 (1999); *Oddi v. Ford Motor Co.,* 234 F.3d 136, 151-55 (3d Cir. 2000). A "hearing is not required where the District Court is presented with a full record." *Henry*, 572 F. App'x at 119 (citing *Oddi*, 234 F.3d at 154 ("the district court already had before it the depositions and affidavits of the plaintiff's experts. Nothing more was required.")). The Court finds that the expert reports and depositions in the record are sufficient, and a hearing is not necessary. Under Fed. R. Civ. P. 78, both motions are denied.

An expert may testify to an opinion if (1) the testimony will help the trier of fact to understand the evidence or determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has

1

NOT FOR PUBLICATION

reliably applied the principles and methods to the facts of the case. *See* Fed. R. Evid. 702; *see also Henry v. St. Croix Alumina, LLC*, 572 F. App'x 114, 117 (3d Cir. 2014). A district court must act as a gatekeeper, allowing the admission of expert opinion testimony only if it meets these criteria. *Daubert*, 509 U.S. at 592. A court's rejection of expert testimony should be the exception rather than the rule. Fed. R. Evid. 702 Advisory Committee Note. "[V]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 595.

The Court has reviewed the CVs of the two tire experts here, Dennis Carlson and Joseph Grant. Both have relevant technical education and decades of practical experience. As many other courts have done, this Court finds them both to be qualified.

In the Court's earlier opinion on punitive damages, the Court reviewed the design defect theories advanced by Carlson, which gain support from memos authored by Defendant's employees. Court's Op. 2-3, 7-9, ECF No. 100. Carlson's report states his measurements and observations, along with the outside research he consulted. Expert Report of Dennis Carlson, Ex. A to O'Hara Decl., ECF No. 106-4. Carlson's explanations for his three manufacturing defect theories find a basis in these measurements, the testimony of other engineers, and published papers. *See* Carlson Decl. ¶¶39-58, ECF No. 114-1. Finding Carlson's methods to be reliable and helpful to the finder of fact, the Court will not exclude his opinions as to the causes of the tread and top belt separation on the subject tire, or as to the practicality and feasibility of alternative designs, which have been employed by other manufacturers. *See, e.g.*, Court's Op. at 3, ECF No. 100 (citing an internal memo from Defendant noting that BEGS "are used by most of our competitors on a majority of their products").

NOT FOR PUBLICATION

Plaintiff moves to bar Joseph Grant from testifying on the grounds that he "never performed any testing to support his opinions, [] intentionally ignored all of the testing and analysis by Cooper, and his opinions are based on nothing more than speculation." Pl.'s Br. 6. This mischaracterizes Grant's testimony and investigation. Grant examined the subject tire, making visual observations and measurements with the aid of X-rays and a digital microscope. Expert Report of Joseph Grant 6-9, Ex. E to Mazie Decl., ECF No. 97-4. He cites sufficient technical literature to support his conclusions. *Id.* 13-21; Aff. of Joseph L. Grant, ECF No. 104-2. That his conclusions may conflict with opinions expressed in Defendant's internal documents, or with those of Carlson, is a matter of weight rather than admissibility.

The Court declines to exclude the testimony of either expert. The fact-finding jury will determine which explanation for the subject tire's failure is appropriate.

## CONCLUSION AND ORDER

Plaintiff's motion, ECF No. 97, and Defendant's motion, ECF No. 106, are denied.

DATE: *22 July 2015*

_____
Hon. William H. Walls
United States Senior District Judge