NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAHEEL MALIK,<br><br>                          Plaintiff,<br><br>                v.<br><br>COOPER TIRE AND RUBBER CO.<br>and ABC CORPS. 1-10,<br>                        Defendants. | **MEMORANDUM AND ORDER**<br><br>No. 2:10-cv-06371 (WHW-CLW) |

**Walls, Senior District Judge**

      In this products liability action involving an allegedly defective tire, Plaintiff Raheel Malik moves in limine to bar Defendant's claims that driver Abdul Rahman was negligent in his driving, selection of tires, or maintenance of tires. ECF No. 119. Despite Plaintiff's assertion to the contrary, the Court has already ruled on this request: the Court denied it. *See* Court's Op. of May 26, 2015, ECF No. 102. For the sake of clarity in the upcoming trial, the Court issues this opinion, reinforcing its earlier decision.

      New Jersey adopted a comparative negligence system to allow for the "apportionment of liability among all parties to an action in rough equivalence to their causal fault." *Blazovic v. Andrich*, 124 N.J. 90, 97 (1991). The New Jersey Supreme Court has "held that fault could be apportioned under the [Comparative Negligence] Act between strictly-liable and negligent parties." *Id.* at 98 (citing cases). "There is no difficulty in allowing a party liable for negligence to be sued as a joint tortfeasor by a party absolutely liable, since the effect is the same as if both

1

parties committed torts of an identical nature. . . . When one defendant settles, the remaining codefendant or codefendants are chargeable with the total verdict less that attributable to the settling defendant's percentage share." *Cartel Capital Corp. v. Fireco of New Jersey*, 81 N.J. 548, 567-69 (1980) (citations omitted); *see also Ryan v. KDI Sylvan Pools, Inc.*, 121 N.J. 276 (1990).

Defendant's theory here is that Abdul Rahman failed to drive with reasonable care after the tire failure, causing the accident that injured Plaintiff. *See* Court's Op. at 7-9, ECF No. 102. Plaintiff has likewise asserted Rahman's negligence, suing him in a different district and settling the case. *See id.* at 6-7. Under the comparative negligence principles cited above, Defendant may seek to apportion liability to Rahman at trial. *See, e.g., Cartel Capital Corp*, 81 N.J. at 567-69.

For the proposition that the Court should disallow evidence of Rahman's negligent driving, Plaintiff relies on *Suter v. San Angelo Foundry & Mach. Co.*, 81 N.J. 150 (1979) and its progeny. This line of cases is inapposite. *Suter* dealt with the relevance of a *plaintiff's* conduct when using a defective product, not the conduct of a *third-party tortfeasor* to whom a defendant seeks to apportion liability. *Suter* did not prohibit evidence of misuse of a product by a party who allegedly owed a plaintiff a duty of care. Plaintiff points to no authority that expands the evidentiary bar to include all "product user[s]," rather than just plaintiffs. Pl.'s Br. 2. *Cf. Ryan v. KDI Sylvan Pools, Inc.*, 121 N.J. at 276 (apportioning liability between the strictly liable manufacturer of a defectively designed swimming pool and the pool's negligent owner, who allowed the plaintiff to dive into it); *Lee's Hawaiian Islanders, Inc. v. Safety First Products, Inc.*, 195 N.J. Super. 493 (App. Div. 1984) (apportioning liability between the strictly liable manufacturer of a defectively designed fire extinguisher and the extinguisher's negligent installer).

NOT FOR PUBLICATION

Misuse of a product is also admissible on the question of proximate cause, no matter who the misuser is. *Johansen v. Makita U.S.A., Inc.*, 128 N.J. 86, 102-03 (1992). And, "in balancing the risk-utility factors to determine product defect, the jury [may] consider[] the expert testimony indicating that [average] users of the [product] could avoid injury" through the use of due care. *Id.* at 102. Defendant plans to show that Rahman's driving was the proximate cause of the accident, relying on the expert testimony of Todd Hoover. Court's Op. at 7-9, ECF No. 102. Hoover's testimony would also help the jury evaluate what a reasonable person would have done in this emergency situation, and compare Rahman's actions to the standard of care it identifies. *Id.* As the Court ruled before, Defendant may seek to apportion liability to Rahman and introduce Hoover's testimony on Rahman's driving, selection of tires, and maintenance of tires.

## CONCLUSION AND ORDER

Plaintiff's motion is denied.

DATE: 31 July 2015

Hon. William H. Walls
Senior United States District Judge

3